I concur in Judge Farmer's analysis and disposition of appellant's first, second, and fourth assignments of error. With respect to appellant's third assignment of error, I agree a claim for defamation would abate upon the death of Dr. Dycoco. However, I find appellant's cause of action for wrongful death based thereon does not likewise abate pursuant to the language in R.C. 2125.01(A)(1). Accordingly, I concur with Judge Edwards appellant's third assignment of error should be sustained. As to appellant's fifth and sixth assignments of error, I concur with Judge Edwards such assignments should be sustained. Judge Edwards would limit appellant's wrongful death claim based solely on defamation. I find such limitation overly restrictive. Though the representation made by appellees concerning appellant's due process protections in the March 26, 1993 cover letter may be insufficient to support appellant's causes of action for breach of contract, tortuous interference with a business relationship, and intentional infliction of emotional distress; I believe reasonable minds could conclude appellees a wrongful act, not only by alleging appellant was incompetent, but also by terminating him without a due process hearing as promised in the letter.